Matthias, J.,
 

 dissenting. Under the conceded facts plaintiff and defendant entered into a written contract under the terms of which the defendant, under authority conferred by Section 6064-11, General Code, appointed the plaintiff agent of the defendant for the sale of spirituous liquor for a period of four years.
 
 *366
 
 The plaintiff is engaged in the mercantile business in the city of Cleveland and, in consideration of its services as such agent, the defendant agreed to pay a sum equal to five per cent of the gross sales made by such agent at its place of business.
 

 During the term of this contract the defendant breached its agreement and refused to carry out the provisions thereof. The majority holds that such contract may not be enforced in this action. That is tantamount to a holding that the plain tiff, has no remedy for, by the express provisions of Section 6064-30, General Code, an action for damages is precluded.
 

 It must be noted that the Liquor Control Act nowhere authorizes the abrogation of these contracts. Licenses and permits, granted for the sale of liquor by the glass, may be revoked or cancelled under the provisions of Section 6064-25, General Code, but the action of the department must be after hearing and upon proof of violation of the restrictions of the act or of a rule or regulation of the board or for other sufficient cause. Likewise the department may cancel leases upon ninety days notice, such cancellation being authorized by the provisions of Section 6064-8, General Code.
 

 The decision of the majority holding that although the contract is a valid and binding contract it may be arbitrarily terminated is contrary to the spirit and purpose of the Liquor Control Act. Protected from liability to respond in damages, as it is by Section 6064-30, General Code, power to enter into and then capriciously terminate such agreements by the department is given the stamp of approval.
 

 No cases are cited in the majority opinion based upon facts such as are involved here. At common law a principal may discharge his agent even though there is a contract that such agency should continue for a
 
 *367
 
 definite period of time. In cases where resulting damages might have been collected by an action at law specific performance is denied, but in situations such as presented in this case equitable relief should be awarded.
 

 This is not a question of mere personal service. The plaintiff, at considerable expense, remodeled its store and devoted a portion of its space and the services of its employees to the performance of the duties prescribed by the terms of the contract entered into with the Department of Liquor Control. The carrying out of the decree of specific performance in this case does not represent any of the difficulties which led courts in the cases cited in the majority opinion to refuse relief. A complete answer to- that contention is found in the record in this case. It is disclosed that for a period of more than a year this agency has operated under decrees of the Court- of Common Pleas and of the Court of Appeals and there is nothing to show that the operation could not continue in the same manner as heretofore.
 

 Weygandt, 0. J., and Hart, J., concur in the foregoing dissenting opinion.